IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CALEB M., BY AND THROUGH HIS MOTHER, LOVELYN M., and LOVELYN M.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI, *et al.*,<br><br>Defendants. | Case No. 20-cv-00212-DKW-RT<br><br>**ORDER AFFIRMING THE APRIL 7, 2020 DECISION OF THE ADMINISTRATIVE HEARINGS OFFICER** |

    Plaintiffs' appeal the April 7, 2020 decision of the administrative hearings officer (AHO) that, while finding Plaintiff Caleb M. (Student) had been deprived a free appropriate public education (FAPE), also found that Caleb's mother, Plaintiff Lovelyn M. (Parent), was not entitled to reimbursement of tuition expenses incurred after enrolling Student in Corvid Academy (Corvid), a private school. Although not entirely clear, Plaintiffs appear to argue that the AHO erred in finding that Student's placement at Corvid was not "proper" under the Individuals with Disabilities Education Act of 2004 ("IDEA"). Plaintiffs, however, base this argument solely on the testimony of Parent, which, as the AHO observed, does little to establish whether Corvid was "able to meet even some of Student's unique

educational needs….." Because Parent's below-described testimony was (and is) the only evidence Plaintiffs have submitted on this issue, the Court finds that Plaintiffs have failed to meet their burden of showing that the AHO's reimbursement decision should be reversed and AFFIRMS the same.

## BACKGROUND

On April 7, 2020, the AHO issued a decision finding that Student had been denied a FAPE. Dkt. No. 6-1. The AHO, however, denied Plaintiffs any reimbursement for Student's placement at Corvid during the 2019-2020 school year. The AHO did so for the following reasons. First, after setting forth Parent's testimony on the subject, the AHO found that Parent gave "conflicting testimony" about how Student was doing at Corvid. The AHO stated that little weight could be given to Parent's testimony without corroborating testimony or reports from Corvid, which Plaintiffs did not offer. Second, the AHO found that Corvid conditioned Student's acceptance into the school on Student having a registered behavior technician (RBT) with him at all times and at Parent's expense, suggesting Corvid itself was not able to provide the services that Student needed. Third, the AHO found that it was difficult to determine whether Corvid was able to meet Student's unique educational needs because Parent did not know Student's

teacher's qualifications. Fourth, the AHO determined that Parent failed to provide timely notice of her intent to enroll Student in a private school.

On May 7, 2020, Plaintiffs filed the instant case, appealing the AHO's denial of reimbursement for school expenses. Dkt. No. 1. Plaintiffs filed an opening brief on November 30, 2020, Dkt. No. 27, with Defendants filing an answering brief on January 14, 2021, Dkt. No. 28. An optional reply brief deadline was set for January 28, 2021, Dkt. No. 26, but no such brief was filed by that date.

## STANDARD OF REVIEW

"Any party aggrieved by the findings and decision" made pursuant to an administrative hearing under the IDEA "shall have the right to bring a civil action with respect to the complaint presented . . . in a district court of the United States . . . ." 20 U.S.C. § 1415(i)(2)(A). When a party files an action challenging an administrative decision under the IDEA, the district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court deems is appropriate." *Id*. § 1415(i)(2)(C).

The party challenging the administrative decision bears the burden of proof. *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010)

(stating that the challenging party bears the burden of demonstrating that the hearings officer should be reversed, as well as "the burden of persuasion on each claim challenged."); *Hood v. Encinitas Union Sch. Dist.*, 486 F.3d 1099, 1103 (9th Cir. 2007).

## DISCUSSION

As indicated, the sole issue Plaintiffs present in this case is whether this Court should reverse the AHO's denial of reimbursement for expenses related to Student's placement at Corvid. Reversal, however, is not warranted because Plaintiffs have failed to satisfy the appropriate legal test for school expense reimbursement.

Although not mentioned in Plaintiffs' opening brief, the relevant legal test requires "both (1) that the public placement violated the IDEA, and (2) that the private school placement was proper under the Act." *Cty. of San Diego v. Cal. Special Educ. Hearing Office*, 93 F.3d 1458, 1466 (9th Cir. 1996) (citing *Florence Cty. Sch. Dist. 4 v. Carter*, 510 U.S. 7 (1993)). Only if both of the above criteria are satisfied may a district court then "'exercise its broad discretion and weigh equitable considerations to determine whether and how much[] reimbursement is appropriate.'" *Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1059 (9th Cir. 2012)

(quoting *C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist.*, 635 F.3d 1155, 1159 (9th Cir. 2011)) (internal quotations omitted).

Here, the first element is not at issue because, as the AHO found, Student was denied a FAPE, and, thus, his public placement violated the IDEA. *See C.B.*, 635 F.3d at 1159. The sole issue, therefore, is whether Student's placement at Corvid was "proper" under the IDEA. A private placement is "proper" under the IDEA if the placement "'provides educational instruction specially designed to meet the unique needs of a handicapped child, supported by such services as are necessary to permit the child to benefit from instruction.'" *Id*. (quoting *Frank G. v. Bd. of Educ.*, 459 F.3d 356, 365 (2d Cir. 2006)).

Plaintiffs, however, have made no showing that Student's placement at Corvid was specially designed to meet his unique needs. Notably, the record is entirely silent on whether Corvid even offers special education services designed for the needs of handicapped children, much less those of Student. If anything, the record suggests that Corvid does not. Among other things, as the AHO observed, Corvid conditioned Student's placement on Parent obtaining an RBT to be with Student at all times. This strongly suggests that, absent a privately obtained RBT, *i.e.*, absent an individual not employed by Corvid, Corvid would

not only have been unable, but also unwilling, to enroll Student.[1]  Further, although Parent testified that applied behavior analysis (ABA) was the "core" of Student's educational program at Corvid, she also testified that ABA was not provided by Corvid itself.  2/5/20 Transcript at 20:23-21:2, 21:19-22, 25:22-26:9, Dkt. No. 11-1.  Rather, it was provided by the same third-party that supplied the RBT during Student's time at Corvid.  This again strongly suggests that Corvid is not designed to provide special education services for Student.  Further still, as the AHO observed, the record is silent on the qualifications of Student's teacher or any other individual at Corvid who may see to the needs of Student.  This too suggests that educational instruction at Corvid was not specially designed to meet Student's unique needs.[2]  The only evidence Plaintiffs provided to the AHO in this regard, and still rely on to overturn the AHO's decision, is the testimony of Parent that Student is doing "pretty good" at Corvid.  See Dkt. No. 27 at 5 (citing 2/5/20 Tr.

---

[1] Plaintiffs argue that the AHO should not have relied on the conditioning of Student's acceptance into Corvid because the Department of Education can include in its own education plans the provision of an RBT.  Dkt. No. 27 at 11-12.  However, the Court agrees with Defendants that this argument is entirely misplaced.  See Dkt. No. 28 at 17-18 (explaining that the Department of Education provides an RBT so that a student may attend school, while Corvid would not allow Student to attend if an RBT was not with him).

[2] This also was an evidentiary shortcoming relatively straightforward to fix: Plaintiffs could simply have called (or offered a declaration from) Student's teacher or another knowledgeable member of Corvid's staff to testify about their qualifications and how Student's educational instruction had been specially designed.  Plaintiffs did not, leaving the Court to presume that is because what they could have offered would only have supported the AHO's findings.

at 21:11-16).   However, Parent's testimony alone does not establish that Student's placement at Corvid was proper, particularly where, as here, the AHO did not give "much weight" to the relevant testimony.   Parent offered nothing to corroborate or lend support to her anecdotal assessments, even something as simple as a teacher evaluation.

Ultimately, this is a case with little to no evidence that Student's private placement at Corvid provided educational instruction specially designed to meet his unique needs.   That is the principal reason why the AHO denied Plaintiffs' request for reimbursement of tuition expenses, and it is the reason for which this Court AFFIRMS.[3]

## CONCLUSION

For the reasons set forth herein, the AHO's April 7, 2020 decision is AFFIRMED.   The Clerk of Court is directed to enter judgment in favor of Defendants and then close this case.

IT IS SO ORDERED.

DATED: March 4, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[3] The Court, thus, does not address any other reasons the AHO gave for denying reimbursement, such as Plaintiffs' failure to comply with relevant notice requirements.